# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2043

_____

United States of America,              *
                                    *

            Appellee,       *
                                    *   Appeal from the United States

      v.                    *   District Court for the
                                    *   Western District of Missouri.

Nelson Waldemar Garza-Vela,   *
                                    *       [UNPUBLISHED]

           Appellant.      *

_____

Submitted:  September 13, 2001

Filed:  October 3, 2001

_____

Before BOWMAN, LOKEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Nelson Waldemar Garza-Vela and his co-defendant, Byron Rodriguez,[1] were charged with possessing more than 500 grams of cocaine with intent to distribute. See 18 U.S.C. § 2 (1994); 21 U.S.C. § 841(a), (b)(1)(B)(ii) (1994).  A jury convicted Garza of a lesser included offense, possession of a controlled substance with intent to distribute. See 21 U.S.C. § 841(a), (b)(1)(C) (1994 & Supp. V 1999).  The District

_____

[1]Rodriguez, also known as and indicted under the name Carlos Armando Molena, entered into a plea agreement with the government.

Court[2] sentenced Garza to a fifty-one month prison term. For reversal, Garza challenges the sufficiency of the evidence supporting his conviction and asserts that the District Court erred by giving the jury, over a defense objection, a willful blindness instruction. For the reasons stated below, we affirm the judgment of the District Court.

First, Garza argues that the government's evidence gives rise to no more than a mere possibility of his guilt, a measure which falls far short of the standard necessary to uphold the jury's verdict against him. Garza is incorrect. His principal defense was that he was merely present when the crime was being committed and that he therefore lacked guilty knowledge. Nevertheless, substantial evidence came to light at trial demonstrating that Garza either knew that he was participating in an illegal drug transaction or deliberately remained ignorant of that truth. In evaluating the sufficiency of the evidence supporting a conviction, "we review the evidence in the light most favorable to the jury's verdict, accepting as established all reasonable inferences tending to support that verdict." United States v. Escobar, 50 F.3d 1414, 1419 (8th Cir. 1995).

The first time Rodriguez met the FBI informant to arrange a cocaine transaction, Garza stepped out of Rodriguez's automobile, then positioned himself and acted in a manner that strongly suggests he was serving as a lookout. On the day of Garza's arrest, before he and Rodriguez drove off to the location from which Rodriguez retrieved the cocaine, the FBI informant showed Rodriguez $100,000 in $100 bills in order to prove that he had the money to purchase the cocaine. Rodriguez was concerned that the currency might be counterfeit, and Garza watched as Rodriguez inspected one of the bills. Later, when Garza and Rodriguez switched to Garza's automobile to deliver the cocaine, Garza watched Rodriguez place the

_____

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

shopping bag in which the cocaine was concealed into the back seat.  Garza admitted at trial that he suspected the shopping bag contained some kind of illegal drugs but chose not to ask any questions.  He does not dispute that when law enforcement officers approached his automobile to arrest him, he was seated in the driver's seat within reach of the approximately one kilogram of cocaine concealed in the shopping bag.  Considering all the trial evidence and reasonable inferences drawn therefrom in the light most favorable to the jury's verdict, we are unable to conclude that "'no reasonable jury could have found the defendant guilty beyond a reasonable doubt.'"  Id. at 1419 (quoting United States v. Frayer, 9 F.3d 1367, 1371 (8th Cir. 1993), cert. denied, 513 U.S. 818 (1994)); accord  United States v. Powell, 469 U.S. 57, 67 (1984) ("Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt.").

Second, Garza argues that the District Court erred in giving the jury a willful blindness instruction because, Garza claims, he had no explicit personal knowledge that he was participating in or furthering an illegal drug transaction and because nothing he knew or witnessed should have aroused his suspicions.  It was not clear error to give the instruction, however, because Garza contended at trial that he lacked guilty knowledge of the crime that was committed, and the evidence, including Garza's own admissions before and at trial, warranted an inference of deliberate ignorance.  See United States v. Gruenberg, 989 F.2d 971, 974 (8th Cir.) (standard of review), cert. denied, 510 U.S. 873 (1993); United States v. Long, 977 F.2d 1264, 1271 (8th Cir. 1992) (concluding that a willful blindness instruction is appropriate when an accused asserts a lack of guilty knowledge but the evidence warrants an inference of deliberate ignorance).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.